People v DeBlasio (2021 NY Slip Op 00376)





People v DeBlasio


2021 NY Slip Op 00376


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Ind No. 895/18 Appeal No. 12924 Case No. 2019-2099 

[*1]The People of the State of New York, Respondent,
v
Philip DeBlasio, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered January 2, 2019, convicting defendant, after a nonjury trial, of making a terroristic threat, and sentencing him, as a second felony offender, to a term of four years, unanimously reversed, on the law, and the indictment dismissed.
The evidence of defendant's "intent to intimidate or coerce a civilian population" (Penal Law § 490.20[1]) was legally insufficient to support the conviction (see People v Danielson, 9 NY3d 342, 349 [2007]). We also find that the verdict was against the weight of the evidence in that respect (see id.).
At the end of an altercation, defendant, a Muslim, threatened to shoot "you guys," referring to several Bangladeshi worshippers at defendant's mosque. Although there was evidence presented at trial that defendant bore animus toward Bangladeshi people, the threat mentioned no group or population and instead appears to have been based on a personal dispute defendant had with one or more of his fellow worshippers over money or a missing phone. Accordingly, this threat was not directed at a "civilian population" as that term was explained by the Court of Appeals in People v Morales (20 NY3d 240, 247 [2012]). To find that defendant's act amounted to a terroristic threat would trivialize the definition of terrorism by applying it "loosely in situations that do not match our collective understanding of what constitutes a terrorist act" (id.; see also Penal Law § 490.00).
In light of the foregoing, we do not reach defendant's remaining contentions. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021